**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:

ARK DEVELOPMENT/OCEANVIEW, LLC

Case No: 11-20382-JKO

Debtor.                                                         Chapter 11

_____/

**DEBTOR-IN-POSSESSION'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND TO PROVIDE ADEQUATE PROTECTION AND SCHEDULE HEARING**

**\*\* Emergency Hearing Requested Pursuant to Local Rule 9075-1 \*\***

**The above-captioned Debtor, requests an emergency hearing in this matter to prevent immediate and irreparable harm that would occur if the Debtor does not have immediate access to use of cash collateral to fund the continued construction improvements of the 1423 Property. Additionally, the Court scheduled a Status Conference in this case on April 26, 2011 at 10:00 a.m. and the Debtor submits that adding this motion to the April 26th calendar will serve judicial economy.**

Ark Development/Oceanview, LLC (the "Debtor"), by and through its undersigned proposed counsel, files this *Emergency Motion for Authority to Use Cash Collateral Pursuant to 11 U.S.C. §§ 105 and 363*, and in support thereof, respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested is 11 U.S.C. §§ 105 and 363 and Rule 4001(d)(1)(D), Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

3. On April 18, 2011, the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4. Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtor is operating its business and managing its affairs as debtor-in possession. As of the date hereof, no trustee, examiner, or statutory committee has been appointed in this Chapter 11 case.

5. The Debtor is a limited liability company that owns three pieces luxury homes that are located at 1431 North Atlantic Boulevard, Fort Lauderdale, Florida (the "1431 Property"); 1427 North Atlantic Boulevard, Fort Lauderdale, Florida (the "1427 Property"); and 1423 North Atlantic Boulevard, Fort Lauderdale, Florida (the "1423 Property"). All three properties are in the final stages of the construction process. The Debtor estimates that the value of each property is approximately $4,000,000.00.

6. Upon information and belief, the Debtor's prepetition secured creditors are Northern Trust, N.A, which is owed approximately $3,150,000.00 based upon a first position mortgage on the 1431 Property; BB&T Mortgage, which is owed approximately $3,392,779.02 based upon a first mortgage on the 1427 Property; and Midland Loan Services, Inc. ("Midland"),[1] which is owed approximately $3,150,000.00 based upon a first position mortgage on the 1423 Property. The Debtor reserves the right to challenge the validity, priority and extent of the liens held by Northern Trust, N.A.; BB&T Mortgage; and Midland.

7. Currently, the only cash collateral the Debtor requests permission to use is $11,000.00 in rental monthly income from the 1423 Property to finalize construction improvements associated with the 1423 Property.

---

[1] The original lender on the 1423 Property was Rockbridge Commercial Bank. The FDIC was subsequently appointed receiver for Rockbridge Commercial Bank. Upon information and belief, Midland is now servicing this debt.

## RELIEF REQUESTED

8.     Through this motion, the Debtor seeks an Order of this Court authorizing the Debtor to use cash collateral pursuant to 11 U.S.C. §§ 105 and 363, Federal Rules of Bankruptcy Procedure 4001(b)(2) and Local Rule 4001-3 since any cash collateral generated by the 1423 Property may constitute the cash collateral of Midland.

9.     The Debtor requests that the Court conduct a preliminary hearing pursuant to Fed. R. Bank. P. 4001(b)(2) and authorize the Debtor to use Midland's cash collateral on an interim basis pending a final hearing.

## BASIS FOR RELIEF

10.     The Debtor will suffer immediate and irreparable harm if it is not authorized to use cash collateral to continue construction improvements associated with the 1423 Property. Absent such authorization, the Debtor will not be able to pay the expenses associated with completing the improvements associated with the1423 Property. Without the use of cash collateral to pay these expenses, the construction improvements on the 1423 Property will not be completed and may lead to the vacancy of the Debtor's tenant, which would cause immediate and irreparable harm not only to the Chapter 11 estate but to the potential recovery of creditors.

11.     There is insufficient time for a full hearing to be held before the Debtor must use cash collateral. If this motion is not considered on an expedited basis, and if the Debtor is denied the ability to immediately use cash collateral, there will be a direct and immediate material and adverse impact on the continuing operation of the 1423 Property. The inability of the Debtor to meet the construction improvements of the 1423 Property may lead to the vacancy of the Debtor's tenant, but more importantly impede any potential sale of the 1423 Property. Therefore, without the use of cash collateral, the Debtor's ability to reorganize will be extremely prejudiced and all creditors will be harmed.

12. The Debtor's use of property of its estate is governed by section 363 of the Bankruptcy Code, which provides in pertinent part that:

> If the business of the debtor is authorized to be operated under section . . . 1108 . . . of this title and unless the court orders otherwise, the [debtor] may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c)(1). When a Chapter 11 debtor-in-possession is authorized to operate its business, it may use property of its estate in the ordinary course of business, but is absolutely prohibited from using cash collateral absent consent of the secured creditor or court authorization. *In re Kahn*, 86 B.R. 506 (Bankr. W.D. Mich. 1988).

13. The Debtor acknowledges that Midland, assuming that it is properly secured and perfected in the cash collateral, may have a lien on the cash collateral generated from the 1423 Property in accordance with 11 U.S.C. §§ 361 and 363. In connection therewith and in an abundance of caution, the Debtor seeks the use of cash collateral in its operations and, as such, if necessary, it will provide adequate protection to Midland pursuant to the terms hereof.

**A. Midland Will Be Adequately Protected by Replacement Liens on Post-Petition Assets to the Extent its Prepetition Collateral Is Diminished by the Debtor's Use of Cash Collateral.**

14. The Bankruptcy Code does not explicitly define "adequate protection" but does provide a non-exclusive list of the means by which a debtor may provide adequate protection, including "other relief" resulting in the "indubitable equivalent" of the secured creditors' interest in such property. *See* 11 U.S.C. § 361. Adequate protection may be provided by (1) making a "cash payment or periodic cash payments to [an] entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title . . . results in a decrease in the value of [the] entity's interest in such property," (2) "providing to [an] entity an additional or replacement

lien to the extent that such . . . use . . . results in a decrease in the value of [the] entity's interest in such property" or (3) "granting such other relief. . . as will result in the realization by [an] entity of the indubitable equivalent of [the] entity's interest in such property." 11 U.S.C. §§ 361(1), (2), (3); *see In re Potvin Lumber Company, Inc.*, 24 B.R. 54 (Bankr. D. Vt. 1982).

15. Adequate protection is to be determined on a case-by-case factual analysis. *See Mbank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396 (10th Cir. 1987). Adequate protection is necessary only to the extent the use of the secured creditor's collateral will result in a decrease in "the value of such entity's interest in such property." 11 U.S.C. §§ 361, 363(e); *see United Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 370–73 (1988).

16. Here, Midland is only entitled to protection against the decline in value of its prepetition collateral resulting from the Debtor's use of cash collateral. The granting of the replacement liens provides Midland with more than sufficient adequate protection within the meaning of sections 361 and 363(e) of the Bankruptcy Code. As noted above, section 361(2) of the Bankruptcy Code expressly provides that the granting of a replacement lien constitutes a means of providing adequate protection. 11 U.S.C. § 361(2). *See., e.g., O'Connor, 808 F.2d 1393*; *In re Coody*, 59 B.R. 164, 167 (Bankr. M.D. Ga. 1986); *In re Dixie-Shamrock Oil & Gas, Inc.*, 39 B.R. 115, 118 (Bankr. M.D. Tenn. 1984).

17. Additionally, the interest of the Secured Creditor is adequately protected because the value of the 1423 Property is estimated to be greater than the amount of the secured claim.

18. Supplemental to the replacement liens, the Debtor will furnish Midland with such financial and other information as Midland reasonably requests with respect to the Debtor's operations in relation to the 1423 Property. Additionally, the Debtor will provide reporting of receipts and invoices the Debtor made for construction improvements by the tenth (10th) of each

month for the expenditures made by the Debtor during the prior month for construction improvements.

### B. The Use of Cash Collateral will Preserve the Debtor's Going Concern Value, Which will Inure to the Benefit of Midland and other Creditors.

19. The continued operation of Debtor's business will preserve its going concern value, enable the Debtor to capitalize on that value through a reorganization strategy, and ultimately facilitate the Debtor's ability to confirm a Chapter 11 plan. However, if the Debtor is not allowed to use cash collateral, it will be unable to operate.

20. The Debtor will use the cash collateral during the interim cash collateral period to fund all necessary construction improvement expenses of the 1423 Property.

21. If the Debtor cannot use cash collateral, it will be forced to cease operations, which will severely disrupt the Debtor's entire operations. By contrast, granting authority will allow the Debtor to maintain operations and preserve the going concern value of its business which will inure to the benefit of Midland and all other creditors

22. The Debtor believes that use of cash collateral pursuant to the terms and conditions set forth above is fair and reasonable and adequately protects Midland. The combination of: (i) the Debtor's ability to preserve the going concern value of the business with the use of cash collateral; and (ii) providing Midland with the other protections set forth herein, adequately protects their alleged secured position under §361. For all of the reasons stated above, this Court's approval of the Debtor's use of cash collateral is proper herein.

23. The Debtor believes that the approval of this motion is in the best interests of the Debtor, its creditors and its estates because it will enable the Debtor to (i) continue the orderly operation of the 1423 Property and avoid an immediate total shutdown of rental revenue; (ii) meet its necessary construction improvement expenditures, and other operating expenses in relation to the 1423 Property; and (iii) make payments authorized under other orders entered by this Court, thereby

avoiding immediate and irreparable harm to the Debtor's estate.

24. A proposed order granting the relief requested is attached hereto as **Exhibit A.**

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order: (i) granting the motion; (ii) authorizing the Debtor's use of cash collateral as prescribed herein; (iii) scheduling a final hearing in order to authorize the Debtor's use of cash collateral; and (iv) granting such other and further relief as this Court may deem just and proper.

    **SHRAIBERG, FERRARA & LANDAU, P.A.**
Proposed Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: plandau@sfl-pa.com

By: /s/ Philip J. Landau
    Philip J. Landau
    Florida Bar. No. 0504017
    Lenore M. Rosetto
    Florida Bar No. 064448
    lrosetto@sfl-pa.com

**ATTORNEY CERTIFICATION**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic notices in this case and via First Class U.S. Mail to all parties on the attached Service List on this the 22nd day of April, 2011.

        /s/ Philip J. Landau
        Philip J. Landau

# Exhibit A

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

In re:

ARK DEVELOPMENT/OCEANVIEW, LLC

Case No: 11-20382-JKO

Debtor.                                               Chapter 11

_____/

**INTERIM ORDER GRANTING DEBTOR-IN-POSSESSION'S EMERGENCY MOTION
FOR AUTHORITY TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363**

**THIS MATTER** came before the Court for hearing on April 26, 2011 upon Ark Development/Oceanview, LLC's (the "Debtor") *Emergency Motion for Authority to Use Cash Collateral Pursuant to 11 U.S.C. § 363 and to Provide Adequate Protection and Schedule Hearing* (the "Motion") [D.E. ___]. The Court, having reviewed the Motion, hearing argument of counsel and being otherwise fully advised in the premises, hereby

**ORDERS AND ADJUDGES**

1. The Motion is **GRANTED**.

1

2.      Use of Cash Collateral.  The Debtor shall be entitled to use cash collateral to pay all ordinary and necessary construction improvement expenditures in the ordinary course of its business.

3.      Replacement Liens as Adequate Protection to Midland. Notwithstanding the provisions of Section 552(a) of the Bankruptcy Code, and in addition to the security interests preserved by Section 552(b) of the Bankruptcy Code, the Debtor grants in favor of the secured creditor, Midland Loan Services, Inc. ("Midland"), security for all indebtedness that is owed by the Debtor to Midland, under their secured documentation, but only to the extent that Midland's cash collateral is used by the Debtor, a first priority post-petition security interest and lien in, to and against all of the Debtor's rental income, to the same extent that Midland held a properly perfected prepetition security interest in the rental income, which is or has been acquired, generated or received by the Debtor subsequent to the Petition Date.  Under no circumstances shall Midland have a lien on any of the Debtor's assets that they did not have a right to prepetition.

4.      Reporting:  The Debtor shall provide to Midland a reporting of all receipts and invoices the Debtor made for construction improvements by the tenth (10th) of each month for the expenditures made by the Debtor during the prior month for construction improvements.

5.      No Novation or Modification.  This Order shall not cause a novation, accord and satisfaction, extension, or any other modification or change of any of Midland's secured documentation.

6.      Creditor Not Deemed Owner or Operator.  Solely by agreeing to the use of cash collateral by the Debtor, Midland shall not be deemed to have assumed any liability to any third person, and shall not be deemed to be in control of the operations of the Debtor or to be acting as

a "responsible person" or "owner or operator" with respect to the operation or management of the Debtor or of his assets.

7. <u>Non-Waiver of Rights and Remedies</u>. This Order is not intended to and shall not prejudice, alter, affect or waive any rights and/or remedies of Debtor or Midland with respect to liens, claims, value determinations and all other matters under the Bankruptcy Code or applicable non-bankruptcy law (including, but not limited to, all matters pertaining to cash and other collateral) and does not bind any subsequently appointed trustee or committee.

8. <u>Duration</u>. The provisions of this Order shall remain in effect until June 1, 2011.

9. <u>Final Hearing</u>. This Court shall hold a final hearing on cash collateral on _____ ___**, 2011 at __:____ __.m**. at the United States Bankruptcy Courthouse, 299 East Broward Boulevard, Room 301, Fort Lauderdale, Florida 33301.

# # #

**SUBMITTED BY:**

Philip J. Landau, Esq.
Shraiberg, Ferrara & Landau, P.A.
Proposed Attorneys for Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Tel.: 561-443-0800/Facsimile: 561-998-0047
Email:  plandau@sfl-pa.com

Philip J. Landau, Esq. is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.

3

## Service List
## Case 11-20382-JKO

**Sent via CM/ECF**

- Philip J Landau    plandau@sfl-pa.com, lrosetto@sfl-pa.com;blee@sfl-pa.com;vchapkin@sfl-pa.com
- David J Lienhart    dlienhart@ralaw.com, yhibbert@ralaw.com;joliva@ralaw.com;jfreiner@ralaw.com;mkrakar@ralaw.com;;gjensen@ralaw.com;lspangler@ralaw.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

**Sent via facsimile and/or First Class U.S. Mail**

Roetzel & Andress
c/o David J. Lienhart, Esq.
420 South Orange Avenue
CNL II, 7th Floor
Orlando, FL 32801
Fax: 407-835-3596
Attorneys for Branch Banking and Trust Company

Roetzel & Andress
c/o Alan J. Perlman, Esq.
350 East Las Olas Boulevard
Las Olas Centre II, Suite 1150
Ft. Lauderdale, FL 33301
Fax: 954-462-4260

See attached creditor matrix

{1548/000/00073295}

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-0<br>Case 11-20382-JKO<br>Southern District of Florida<br>Fort Lauderdale<br>Wed Apr 20 09:39:27 EDT 2011 | Ark Development/Oceanview, LLC<br>701 West Cypress Creek Road, Suite 301<br>Fort Lauderdale, FL 33309-2045 | Branch Banking and Trust Company<br>c/o W. Glenn Jensen, Esq.<br>P.O. Box 6507<br>Orlando, FL 32802-6507 |
| Allied Elevator Company, Inc.<br>18101 N.W. 82nd Court<br>Hialeah, FL 33015-2621 | BB&T Mortgage<br>1580 Sawgrass Corporate Parkway<br>Suite 310<br>Fort Lauderdale, FL 33323-2860 | Broward County Revenue Collection<br>P.O. Box 29009<br>Fort Lauderdale, FL 33302-9009 |
| Casale Marble Imports, Inc.<br>750 S.W. 17th Avenue<br>Delray Beach, FL 33444-1329 | FL Dept of Revenue<br>5050 W. Tennessee Street<br>Tallahassee, FL 32399-0100 | Internal Revenue Service<br>Attn: Special Procedures<br>P.O. Box 34045<br>Stop 572<br>Jacksonville, FL 32202 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Isaac Kodsi<br>701 West Cypress Creek Road, Suite 301<br>Fort Lauderdale, FL 33309-2045 |
| Joseph Kodsi<br>701 West Cypress Creek Road, Suite 301<br>Fort Lauderdale, FL 33309-2045 | Joseph Kodsi<br>701 West Cypress Creek, Road 301<br>Fort Lauderdale, FL 33309-2045 | LFH Acquisition Corp.<br>d/b/a Labor for Hire<br>c/o Brian M. Abelow<br>5561 N. University Drive, Suite 102<br>Pompano Beach, FL 33067-4652 |
| Midland Loan Services, Inc.<br>P.O. Box 25965<br>Overland Park, KS 66225-5965 | Northern Trust, N.A.<br>700 Brickell Avenue<br>Miami, FL 33131-2810 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 |
| Peter Tocci<br>701 West Cypress Creek Road, Suite 301<br>Fort Lauderdale, FL 33309-2045 | Stone Profiles, LLC<br>1127 Poinsettia Drive<br>Delray Beach, FL 33444-1221 | US Attorney Southern District of Florida<br>500 East Broward Boulevard<br>Fort Lauderdale, FL 33394-3000 |
| Philip J Landau<br>2385 N.W. Executive Center Dr # 300<br>Boca Raton, FL 33431-8530 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Internal Revenue Service<br>Ogden, UT 84201-0039 | (d)Internal Revenue Service<br>P.O. Box 105017<br>Atlanta, GA 30348-5017 | End of Label Matrix<br>Mailable recipients    21<br>Bypassed recipients     0<br>Total                   21 |