

**ORDERED in the Southern District of Florida on August 25, 2011.**

John K. Olson, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

ARK DEVELOPMENT/OCEANVIEW, LLC

Case No: 11-20382-JKO

Debtor.

Chapter 11

_____/

**FINAL ORDER GRANTING DEBTOR-IN-POSSESSION'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND TO PROVIDE ADEQUATE PROTECTION AND <u>SCHEDULE HEARING</u>**

**THIS MATTER** came before the Court for hearing on May 24, 2011 upon the debtor, Ark Development/Oceanview, LLC's (the "Debtor") *Emergency Motion for Authority to Use Cash Collateral Pursuant to 11 U.S.C. § 363 and to Provide Adequate Protection and Schedule Hearing* (the "Cash Collateral Motion") [D.E. 16]. The Cash Collateral Motion seeks the entry of an Order (the "Final Order") authorizing the use of Cash Collateral, as that term is defined in 11 U.S.C. § 363(a), and the granting of adequate protection to Midland.

The Court, having reviewed the Cash Collateral Motion, hearing argument of counsel,

considering the record and being otherwise fully advised in the premises, hereby:

**ORDERS and ADJUDGES** that:

1. The Cash Collateral Motion is **GRANTED**.

2. <u>Use of Cash Collateral</u>.  The Debtor shall be entitled to use cash collateral to pay all ordinary and necessary construction improvement expenditures in the ordinary course of its business for the purposes contained in the budget attached as **Exhibit A** (the "Budget").  The Debtor is also authorized to use the balance of its rental income for necessary expenses in the construction and maintenance of the property.

3. <u>Replacement Liens as Adequate Protection to Midland</u>. Notwithstanding the provisions of Section 552(a) of the Bankruptcy Code, and in addition to the security interests preserved by Section 552(b) of the Bankruptcy Code, the Debtor grants in favor of the secured creditor, Midland[1], security for all indebtedness that is owed by the Debtor to Midland, under its secured documentation, but only to the extent that Midland's cash collateral is used by the Debtor, a first priority post-petition security interest and lien in, to and against all of the Debtor's rental income from the Midland property, to the same extent that Midland held a properly perfected prepetition security interest in the rental income from the Midland property, which is or has been acquired, generated or received by the Debtor subsequent to the Petition Date. Under no circumstances shall Midland have a lien on any of the Debtor's assets that it did not have a right to prepetition.

4. <u>Reporting</u>:  The Debtor shall provide to Midland a reporting of all receipts and invoices the Debtor made for construction improvements and/or maintenance by the tenth (10th) of each month for the expenditures made by the Debtor during the prior month.

---

[1] All capitalized terms shall have the meaning ascribed to them in the Cash Collateral Motion, unless otherwise indicated herein.

5. <u>No Novation or Modification</u>.  This Order shall not cause a novation, accord and satisfaction, extension, or any other modification or change of any of Midland's secured documentation.

6. <u>Creditor Not Deemed Owner or Operator</u>.  Solely by agreeing to the use of cash collateral by the Debtor, Midland shall not be deemed to have assumed any liability to any third person, and shall not be deemed to be in control of the operations of the Debtor or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtor or of his assets.

7. <u>Non-Waiver of Rights and Remedies</u>. This Order is not intended to and shall not prejudice, alter, affect or waive any rights and/or remedies of any party with respect to liens, claims, value determinations and all other matters under the Bankruptcy Code or applicable non-bankruptcy law (including, but not limited to, all matters pertaining to cash and other collateral) and does not bind any subsequently appointed trustee or committee.

8. <u>Duration</u>. The provisions of this Order shall remain in effect until further Order of the Court.

# # #

SUBMITTED BY:
Philip J. Landau, Esq.
**SHRAIBERG, FERRARA & LANDAU, P.A.**
Attorneys for the Debtor
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Tel.: 561-443-0800
Facsimile: 561-998-0047
Email:  plandau@sfl-pa.com

Philip J. Landau, Esq. is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.

**Projected Thirty Day Budget - Ark Development/Oceanview LLC**

| INCOME | | Budget from 5/26/2011 through 6/26/2011 |
|---|---|---:|
| GROSS INCOME | | 11,766.00 |
| **TOTAL GROSS INCOME** | $ | **11,766.00** |
| | | |
| **OPERATING EXPENSES** | | |
| WATER/SEWER | | 201.70 |
| FPL | | 1,407.38 |
| POOL MAINTENANCE | | 755.00 |
| PHONE /INTERNET/WIRELESS | | 200.30 |
| INSURANCE (WINDSTORM) | | - |
| INSURANCE (PROPERTY/GENERAL) | | - |
| SUBCONTRACTORS PAYMENTS - American Express #92002 | | 5,688.27 |
| **TOTAL OPERATING EXPENSE** | $ | **8,252.65** |
| | | |
| **NET INCOME** | $ | **3,513.35** |